UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEFFREY LORENZANO

    Plaintiff,

v.                                                                  Case No. 6:17-CV-00422-RBD-DCI

SYSTEMS, INC.,

    Defendant,

_____/

SYSTEMS, INC.

    Defendant / Third-Party Plaintiff,

v.

ADVANTAGE SALES & SUPPLY CO., INC.

    Third-Party Defendant

_____/

## THIRD-PARTY DEFENDANT'S MOTION IN LIMINE

Third-Party Defendant, ADVANTAGE SALES & SUPPLY CO., INC. ("Advantage"), pursuant to the Federal Rules of Civil Procedure and the Case Management Scheduling Order ("CMSO") [Doc. 18], hereby moves *in limine* for an Order preventing Plaintiff, JEFFREY LORANZANO ("Plaintiff" or "Loranzano"), or Defendant, SYSTEMS, INC. ("Systems"), from introducing certain evidence at trial.

    I.    INTRODUCTION

This is a products liability action arising out of a workplace accident that occurred on August 27, 2016, at the Lowe's Distribution Center ("LDC") in Kissimmee, Florida. Plaintiff

alleges that he was injured while operating and/or inspecting a defective dock leveler that was designed, manufactured, and installed by Poweramp, a division of Systems. Plaintiff has asserted claims against Systems for strict liability and negligence. Systems has asserted third-party claims for common law indemnity and contribution against Advantage for allegedly selling a defective component part—a quick link—which Systems incorporated into the subject dock leveler.

Advantage moves *in limine* for an Order prohibiting any party, any party's counsel, and all witnesses from making reference, whether by direct evidence or testimony, questioning, or argument, to certain matters at trial. Specifically, Advantage seeks an Order that:

- Prohibiting any evidence, testimony, or argument relating to the unsupported assertion that Advantage concealed the fact that quick links supplied to Systems were manufactured in China;
- Excluding any evidence that was not disclosed during discovery, including, but not limited to, testing videos produced by Systems for the first time at the pre-trial meeting and exhibit exchange on July 23, 2018.

## II. MEMORANDUM OF LAW

### A. Concealment of Product Origins

Relevant evidence is generally admissible. Fed. R. Evid. 402. Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence, and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice or confusing the jury. Fed. R. Evid. 403.

Advantage respectfully requests an Order prohibiting Systems from presenting testimony or argument suggesting that Advantage concealed the fact that quick links supplied to Systems

were manufactured in China. Such evidence is irrelevant and the probative value is substantially outweighed by the danger of unfair prejudice to Advantage. Fed. R. Evid. 401 – 403.

At the outset, the subject quick link was, in fact, stamped with a "CHINA" marking, as shown in the photograph[1] below:



This alone should be sufficient to dispose of Systems' absurd concealment theory. Nevertheless, based on testimony elicited during the deposition of Advantage's Corporate Representative as well as arguments asserted in opposition to Advantage's Motion for Summary Judgment, it is anticipated that Systems will seek to present evidence or argument that Advantage concealed the fact that quick links supplied to Systems were manufactured in China.

It is believed that Systems' concealment theory is derived solely from several notations included on a purchase order that was produced by Advantage during discovery. The relevant

---

[1] This Photograph was taken by Advantage's expert, Jeffrey Bradshaw, P.E., during a joint inspection on October 27, 2016. A copy of this photograph, and all other photographs taken during Mr. Bradshaw's inspection, was produced during discovery.

section of the purchase order is provided below; however, a complete copy of the purchase order is attached as **Exhibit "1."**

| Item | Description | Qty |
|---|---|---|
| LK11TONAi | 11 Ton Alloy Latch Kit | 100 |
| LK15TONAi | 15 Ton Alloy Safety Latch Kit | 100 |
| LK3TONAi | 3 Ton Alloy Safety Latch Kit | 250 |
| G80CS312i | 5/16" Alloy Grade 80 Clevis Slip Hook No Latch. Yellow Dichromate. Boxes and Hooks must be marked 'G80' and '5/16'. NOTE: No 'China' markings on any part of product. Pack 50 pcs / carton | 100 |
| G80CS500i | 1/2" Alloy Grade 80 Clevis Slip Hook No Latch. Yellow Dichromate. Boxes and Hooks must be marked 'G80' and '1/2'. NOTE: No 'China' markings on any part of product. Pack 25 pcs / carton | 50 |
| CRADLE312BAi | 5/16" Grade 80 Cradle Grab Hook | 400 |
| CRADLE375BAi | 3/8" Grade 80 Cradle Grab Hook | 500 |
| CST250i | 1/4" Plain Copper Stops | 2,000 |
| QL250Wi | 1/4" ZP Wide Jaw Quick Link Jaw Dimension 0.57 Pack 500 pcs / carton | 5,000 |
| CRADLE312i | 5/16" Grade 80 Clevis Cradle Grab Hook with Saddle. Painted RED. NOTE: Must be marked 'G80'. Also mark '7-8' on hook, NOT '5/16'. NO other markings on on this Hook. (No China Markings. No W.L.L.) Hook must have a W.L.L. of 4,500 lbs. Clevis pin diameter should be 0.38" Pack 50 pcs / carton MARKED 5/16" OK .38 | 100 |

The purchase order contains a list of ten (10) different products that Advantage ordered from its vendor, Dragon Trading. The component in question—a 1/4 inch Wide Jaw Quick Link (Item Number QL250Wi)—is one of the products listed on the purchase order. Next to three (3) of the listed products (Item Numbers G80CS312i, G80CSS500i, and CRADLE312i), there is a note in the description section indicating "No 'China' Markings." This notation **does not** appear in the description section for the quick links. As such, the purchase order cannot reasonably be used as evidence to support the assertion that Advantage concealed the origin of quick links supplied to Systems.

When questioned about these notations during deposition, Advantage's Corporate Representative, Charles Jaques, denied any knowledge of requests for the removal of the word "China" from quick links purchased overseas. When asked more broadly about "any product,"

Mr. Jaques explained that such requests are typically made pursuant to a customer request or perhaps if the product was going to be used as a component part of a greater assembly. [Doc. 43C at 27:11-28:6].

It is anticipated that Systems may also point to the fact that some, but not all, of the quick links were stamped with a "CHINA" marking. [Doc. 43C at 77:12-23]. However, given that the subject quick link was stamped with a "CHINA" marking, the fact that other quick links may not have contained the stamp is irrelevant to the issues in dispute in this case. Further, Systems has advanced no evidence of any inquiries by Systems' representatives or of any misleading statements made by Advantage's representatives regarding the origin of the quick links.

Simply put, there is no evidentiary support for the allegation that Advantage concealed the origin of quick links supplied to Systems. To the extent Advantage attempted to conceal the origin of its products, as alleged by Systems, it was clearly not successful. Indeed, internal emails produced during discovery reveal that Systems was fully aware of the fact that Advantage was supplying products from China. [See Doc. 50-1]. Specifically, on June 8, 2016, Systems' Amber Scott, Purchasing Manager, wrote to Mark Lobel, V.P. Operations, providing that, "[w]e had to get some domestic chain, Advantage Sales stock from China has not arrived yet. Our usages are up." Mr. Lobel responded, "Thank you Amber. I could not remember if this was the chain Advantage was having issues with. I assume once the China chain arrives, our costs will drop again?" [Ex. 2].

Based on the foregoing, Advantage respectfully requests an Order prohibiting any evidence, testimony, or argument that Advantage concealed the fact that quick links supplied to Systems were manufactured in China. Such evidence is irrelevant to any fact that is of

consequence in determining the action and/or the probative value is substantially outweighed by a danger of unfair prejudice or confusing the jury.

### B. Chain Testing Videos and Any Other Evidence Not Disclosed or Produced

On July 23, 2017, the parties met in person to conduct the pre-trial meeting and exhibit exchange pursuant to the Court's CMSO. On its draft Exhibit List, Systems identified "Chain Test Video – Advantage Link" as its proposed Exhibit 90 and "Chain Test Video – McMaster Link" as its proposed Exhibit 91. Although Systems provided copies of these videos at the pre-trial meeting, these videos were not previously disclosed or produced during discovery, and they were not identified on Systems' Privilege Log. In addition, Systems also identified "Snubber Chain Force Testing Videos" as its proposed Exhibit 81. These videos were not produced for inspection at the pre-trial meeting, and Systems has still not provided copies for review.

Upon review of Systems' proposed Exhibits 90 and 91, the videos display the following titles:

Exhibit 90:  2016-09-28 Test 19 – ADV – Advantage Test 19 Chain Links – flow control (RECD 2016-09-28)

Exhibit 91:  2016-09-28 Test 23 – MMC – McMaster Test 23 Chain Links – flow control (RECD 2016-09-28)

Based on the fact that Systems has identified videos of "Test 19" and "Test 23," it appears there may be other testing videos that have not been produced. The undersigned has attempted to determine whether videos of Tests 1 – 19 and/or Tests 20 – 22 exist, but Systems has not confirmed whether there are additional testing videos.

Rule 26(a) requires disclosure of all information reasonably available to a party in support of its claims and defenses. The Rule provides, among other things, that a party *must*, without awaiting a discovery request, provide to the other parties:

>   (a) Required Disclosures
>     (1) *Initial Disclosures.*
>       (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;
>       (B) a copy of, or a description by category and location of, all documents, data compilations, and *tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses*, unless solely for impeachment; . . .

Fed.R.Civ.P. Rule 26(a) (emphasis added). A party must make its initial disclosures based on information then reasonably available to it, and it is not excused from making its disclosures because it has not fully investigated the case. Fed. R. Civ. P. 26(a)(1)(E). Parties are under an ongoing obligation to supplement or correct any Rule 26 disclosures they make. Fed. R Civ. P. 26(e). This includes initial disclosures, expert disclosures, and any responses to an interrogatory, request for production, or request for admission. Fed. R Civ. P. 26(e)(1). Such supplements must be made "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R Civ. P. 26(e)(1)(A). The required Rule 26(e) supplementation "should be made at appropriate intervals *during the discovery period*." Rule 26(e), Advisory Committee Note, 1993 Amendments (emphasis added); *see Goeken v. Wal-Mart Stores, Inc.*, 2002 U.S. Dist. LEXIS 10974 (D.Kan. May 16, 2002) ("[p]arties have a duty to supplement their initial disclosures and discovery responses at appropriate intervals during the discovery period").

Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use [the] information or the witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Specifically, Rule 37 provides as follows:

>   (c) <u>Failure to Disclose to Supplement an Earlier Response, or to Admit</u>.

Case No. 6:17-CV-00422-RBD-DCI

> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>> (B) may inform the jury of the party's failure; and
>> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). This Rule provides a "self-executing sanction for failure to make a disclosure required by Rule 26(a) or 26(e)," and is designed to provide a "strong inducement for disclosure." Fed.R.Civ.P. 37 (Advisory Committee Notes to 1993 Amendments). When a Rule 37(c) violation is alleged, the "party failing to comply with Rule 26 bears the burden of showing that its actions were substantially justified or harmless." *See Weaver v. Lexington Ins. Co.*, 2007 U.S. Dist. LEXIS 32230, at *5-6 (M.D. Fla. May 1, 2007); *see also Parrish v. Freightliner, LLC*, 471 F. Supp. 2d 1262 (M.D. Fla. 2006); *Saewitz v. Lexington Ins. Co.*, 2003 U.S. Dist. LEXIS 27568, at *5 (S.D.Fla. Oct. 21, 2003) (stating that "[i]t is well settled that Fed. R. Civ. P. 37(c)(1) mandates that a trial court sanction a party for discovery violations in connection with Rule 26 [by excluding the pertinent evidence], unless the violation was harmless or substantially justified."); *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir.1996) (stating that the sanction of exclusion is "automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless.").

Systems' untimely disclosure of these testing videos—in addition to its apparent ongoing refusal to produce other testing videos without explanation—has deprived Advantage of the opportunity to adequately address these matters during discovery, and it will substantially prejudice Advantage if these videos are permitted to be introduced as evidence or used as

demonstratives at trial. *See Cutler v. Louisville Ladder, Inc.*, 2012 U.S. Dist. LEXIS 101094 (S.D. Tex. July 20, 2012) (Atlas, J.)("Defendants disclosed substantial new testing by [the expert], his new reasoning, and new conclusions on the last day of the discovery period, thereby depriving Plaintiffs of the opportunity to address these matters in the ordinary course.").

Based on the foregoing, Advantage respectfully requests an Order prohibiting the use of or reference to any testing videos that were not disclosed or produced during discovery. Alternatively, to the extent the Court is willing to consider admitting the testing videos listed as proposed Exhibits 90 and 91, Advantage would respectfully request that the Court' require Systems to produce all testing videos to ensure the proposed exhibits are not misleading.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Rule 3.01(g), *Middle District Local Rules*, counsel for Advantage certifies that he conferred with counsel for Plaintiff and Systems in a good faith attempt to resolve the matters raised in this Motion. The parties initially conferred in person on July 23, 2018, during the pre-trial meeting and exhibit exchange, and the parties have subsequently conferred further via email. Plaintiff has no objection to the relief requested herein; however, Systems objects to the relief requested herein.

Tampa, Florida

Respectfully submitted this 26th day of July, 2018.

/s/ *Robert C. Hubbard* _____
**Aram P. Megerian, Esq.**
FBN: 057983
E-mail: aram.megerian@csklegal.com
Secondary E-Mail: kesha.sherman@csklegal.com
**Robert C. Hubbard, Esq.**
FBN: 98996
E-mail: robert.hubbard@csklegal.com
Secondary E-Mail: mabel.cotto@csklegal.com

Case No. 6:17-CV-00422-RBD-DCI

**COLE, SCOTT & KISSANE, P.A.**
4301 West Boy Scout Boulevard, Suite 400
Tampa, Florida 33607
Telephone: (813) 289-9300
Facsimile: (813) 286-2900

*Attorneys for Third-Party Defendant, Advantage Sales & Supply Co., Inc.*

## CERTIFICATE OF SERVICE

**I hereby certify** that on July 26, 2018, a true and correct copy of the foregoing was filed electronically with the Clerk of the United States District Court, Middle District of Florida, by using CM/ECF, thereby serving all registered users in this case.

/s/ *Robert C. Hubbard*
Robert C. Hubbard